Scott K. REED and Julie Reed, Plaintiffs-Respondents,

v.

Brenda L. BRADLEY and American Family Mutual
Insurance Company, Defendants-Appellants,†

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant.

Court of Appeals

*No. 00–0455. Submitted on briefs June 12, 2000.—Decided
July 27, 2000.*

2000 WI App 165

(Also reported in 616 N.W.2d 916.)

†Petition to review filed.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *David J. Pliner* of *Corneille Law Group, L.L.C.,* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *C.M. Bye* of *Bye, Goff & Rohde, Ltd.,* of River Falls.

Before Eich, Vergeront and Roggensack, JJ.

¶ 1. EICH, J. Scott and Julie Reed were injured in an automobile accident. Their medical expenses, which were stipulated to be $2,978, were paid by their insurer, State Farm Mutual Automobile Insurance Company.[1] Prior to trial, the other driver's insurer, American Family Mutual Insurance Company, negotiated a settlement with State Farm in which State Farm accepted payment of 75% of the stipulated medical expenses, or $2,246, in exchange for assignment of its subrogation claim.

¶ 2. Liability and the amount of health care expenses were stipulated, leaving only pain, suffering

---

[1] State Farm has declined to participate in this appeal.

and disability, and future health care expenses, for trial. The jury returned a verdict of $22,978, which included stipulated past health care expenses of $2,978. The Reeds agreed that American Family was entitled to a credit against the verdict for the $2,246 it had paid to State Farm. They maintained, however, that the difference between that and the medical-expense award of $2,978—some $731—should revert to them. The trial court found in the Reeds' favor and American Family appeals, arguing that we should reverse because: (1) the Reeds were unjustly enriched by the court's ruling, effectively receiving a double recovery; and (2) the ruling runs counter to established public policy favoring settlements. We disagree and affirm the judgment.

■

¶ 3.   The Reeds contend—and we agree—that the rationale of the collateral source rule—which provides that "a plaintiff is entitled to recover the reasonable and customary charges for past medical expenses without regard to the payment of those expenses or the amount of such payment by a third party," *Ellsworth v. Schelbrock,* 229 Wis. 2d 542, 553, 600 N.W.2d 247 (Ct. App. 1999)—is applicable here. The reasoning underlying the rule is that the recovery of medical costs has a penal effect on a tortfeasor, who should not receive the advantage of "gratuities from third parties." *Thoreson v. Milwaukee & Suburban Transp. Co.,* 56 Wis. 2d 231, 243, 201 N.W.2d 745 (1972). And the Reeds maintain that, as in *Ellsworth,* the trial court's decision in this case ensures that the defendant and her insurer "will not be subject to answer twice in damages. [They] will, however, be responsible for the full amount of the value of the services rendered." *Ellsworth,* 229 Wis. 2d at 554.

¶ 4. There is no question that a plaintiff who has been injured by another person's tortious conduct is entitled to recover the reasonable value of his or her medical costs occasioned by the injury. *See Thoreson*, 56 Wis. 2d at 243. And the test is the value of those costs, not the actual charge. *See id.* In our view, State Farm's agreement to settle its limited subrogation claim for less than its face value is analogous to the situation where a health care provider sets an injured plaintiff's broken bone for less than the reasonable cost. While some may view a verdict for the plaintiff for the reasonable cost of such a procedure as a double recovery, under the collateral source rule it does not amount to unjust enrichment.

¶ 5. Applying these principles to the case at hand, we believe the trial court came to the reasonable and legally sound conclusion that, as between the parties, the Reeds were entitled to the benefit of the insurers' bargain by virtue of having paid premiums for health care coverage over time. And American Family, as the defendant's insurer, has already been paid a premium for the risk it assumed.

¶ 6. As to American Family's argument that affirming the circuit court's judgment would run counter to established public policy favoring settlements, we disagree. The agreement between State Farm and American Family did not constitute a settlement of the action, or any major portion of it. Rather, it was an agreement between the defendant's insurer and the holder of a limited subrogated interest to settle that limited claim for 75% of its face value. The agreement did not abrogate the necessity for a trial, or curtail the proceedings in any meaningful way. Additionally, as the trial court noted, where, as here, there is only a

partial settlement, the subrogated insurer receives the benefit of being released from the lawsuit and all of the concomitant expenses.

*By the Court.*—Judgment affirmed.